| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Vakhe Khodzhayan**<br>**Law Offices of Edward Asatrants & Associates**<br>**1010 N. Central Ave. Ste 450**<br>**Glendale, CA 91202**<br>**(818) 245-1173 Fax: (818) 245-1174**<br>**261996**<br>☒ *Attorney for Debtor* | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | CASE NO.: **1:09-bk-25740** |
|---|---|
| In re:<br><br>**Asatur Kasamanian**<br><br><br><br>                                                                                                      Debtor. | CHAPTER: **11**<br><br><br><br><br><br>DATE: August 24, 2010<br><br>TIME: 10:00am<br><br>COURTROOM:   301 |

## NOTICE OF MOTION FOR:

**MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS; TO EXTINGUISH SECOND DEED OF TRUST OF CHASE, MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS IN SUPPORT**

*(Specify name of Motion)*

1. TO:   THE HONORABLE KATHLEEN THOMPSON, OFFICE OF THE UNITED STATES TRUSTEE; SECURED CREDITORS; PARTIES IN INTEREST AND COUNSEL OF RECORD

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.**   You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

| **Hearing Date: August 24, 2010** | **Time: 10:00am** | **Courtroom: 301** | **Floor: 3rd** |
|---|---|---|---|
| ☐ **255 East Temple Street, Los Angeles** | | ☐ **411 West Fourth Street, Santa Ana** | |
| ☒ **21041 Burbank Boulevard, Woodland Hills** | | ☐ **1415 State Street, Santa Barbara** | |
| ☐ **3420 Twelfth Street, Riverside** | | | |

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according the Judge's self-calendaring procedures.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                                                                    F 9013-1.1

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                                                     Best Case Bankruptcy

| In re: | | CHAPTER **11** |
|---|---|---|
| **Asatur Kasamanian** | Debtor(s). | CASE NUMBER **1:09-bk-25740** |

Dated: **July 14, 2010**

**Law Offices of Edward Asatrants & Associates**
*Law Firm Name*

By:    **/s/ Vakhe Khodzhayan**

Name:    **Vakhe Khodzhayan 261996**
*Attorney for Movant*

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                    **F 9013-3.1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                        Best Case Bankruptcy

| In re: | | CHAPTER **11** |
|---|---|---|
| **Asatur Kasamanian** | | CASE NUMBER **1:09-bk-25740** |
| | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**1010 N. Central Ave. Ste 450, Glendale, CA 91202**

A true and correct copy of the foregoing document described as **MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS; TO EXTINGUISH SECOND DEED OF TRUST OF CHASE, MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/14/2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Gregory J Babcock on behalf of Creditor HSBC Bank USA, National Association, as trustee, on behalf of the holders of the ACE Securities Corp. Home Equity Loan Trust, Series 2004-HE4 Asset Backed Pass-Through Certificates, it assignees and/o **bknotice@mccarthyholthus.com**
Richard J Bauer on behalf of Creditor HSBC Bank USA, National Association as Trustee...: **rbauer@mileslegal.com**
Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV) : **jennifer.l.braun@usdoj.gov**
Mark Domeyer on behalf of Interested Party Courtesy NEF: **mdomeyer@mileslegal.com**
Rami N Haddad on behalf of Creditor HSBC Bank USA, National Association, as trustee, on behalf of the holders of the ACE Securities Corp. Home Equity Loan Trust, Series 2004-HE4 Asset Backed Pass-Through Certificates, it assignees and/o **bknotice@mccarthyholthus.com**
United States Trustee (SV) : **ustpregion16.wh.ecf@usdoj.gov**

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **07/14/2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 14, 2010 | Ani Eissagholian | /s/ Ani Eissagholian |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com    Best Case Bankruptcy

| In re: | | CHAPTER **11** |
|---|---|---|
| **Asatur Kasamanian** | Debtor(s). | CASE NUMBER **1:09-bk-25740** |

**ADDITIONAL SERVICE INFORMATION (if needed):**

Asatur Kasamanian
PO Box 773
Frazier Park, CA 93225

United States Trustee (SV)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Rami N Haddad
HSBC Bank USA, National Association
c/o McCarthy & Holthus LLP
1770 Fourth Ave
San Diego, CA 92101

Mark Domeyer
Miles Bauer Bergstrom & Winters
c/o BAC Home Loans Servicing, L.P.
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626

CitiMortgage, Inc.
PO Box 140609
Irving, TX 75019-0609

Washington Mutual
7255 Baymeadows Way
Jacksonville, FL 32256

Washington Mutual
PO Box 660487
Dallas, TX 75266

American Express
PO Box 981537
El Paso, TX 79998

CAPITAL ONE BANK USA, N.A.
BY AMERICAN INFOSOURCE LP AS AGENT
PO Box 71083
Charlotte, NC 28272-1083

Chase/Bank One Card
800 Brooksedge Blvd
Westerville, OH 43081

Countrywide Home Loans
PO Box 10222
Van Nuys, CA 91410

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com    Best Case Bankruptcy

| In re: | | CHAPTER **11** |
|---|---|---|
| **Asatur Kasamanian** | Debtor(s). | CASE NUMBER **1:09-bk-25740** |

Franklin J. Love
125 S. Citris Ave., Suite 101
Covina, CA 91723

French & Associates
2716 "L" Street
Bakersfield, CA 93301

Home Depot Credit Services
P.O. Box 9100
Des Moines, IA 50368

Los Angeles County Treasurer & Tax Collector
PO BOX 54110
Los Angelec, CA 90054-0110

Select Portfolio Servicing, Inc.
PO Box 65250
Salt Lake City, UT 84165

PRA Receivables Management, LLC
As Agent Of Portfolio Recovery Assocs.
c/o Washington Mutual
POB 41067
NORFOLK VA 23541

Internal Revenue Service
PO BOX 21126
Philadelphia, PA   19114

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                                       **F 9013-3.1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                                                Best Case Bankruptcy

Vakhe Khodzhayan (SBN261996)
Law Offices of Edward Asatrants & Associates
1010 N. Central Ave. Ste 450
Glendale, CA 91202
Tel: (818) 245-1173
Fax: (818) 245-1174

Attorneys for Debtor-in-possession
ASATUR KASAMANIAN

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ASATUR KASAMANIAN,<br><br>Debtor. | Case No.: 1:09-bk-25740<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS; TO EXTINGUISH SECOND DEED OF TRUST OF CHASE, MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS IN SUPPORT**<br><br>Date: August 24, 2010<br>Time: 10:00am<br>Place: U.S. BANKRUPTCY COURT<br>     21041 Burbank Boulevard<br>     Woodland Hills, CA 91367<br>     Courtroom 301 |

TO THE HONORABLE KATHLEEN THOMPSON, UNITED STATES BANKRUPTCY

JUDGE, OFFICE OF THE UNITED STATES TRUSTEE; SECURED CREDITORS; PARTIES

IN INTEREST AND COUNSEL OF RECORD:

ASATUR KASAMANIAN, Debtor-in-possession in this case hereby moves this Court pursuant

to 11 U.S.C. § 506(a) and 1123(b)(5) and In re Lam, 211 B.R. 36 (9th Cir. BAP 1997), for a

- 1 -

determination of secured value of real property located at 19040 Strathern Street, Reseda, CA 91335 (APN 2104005059) (the "Real Property") to be $305,000, based upon an appraisal as of June 30, 2010, and stay post petition payments by Debtor to Chase Bank and treat the claim of Chase Bank ("Chase") as unsecured for purposes of plan confirmation, on the grounds that the value of the Real Property has declined since Debtor incurred encumbrances with the aforementioned creditors. The Real Property no longer has equity to fully secure encumbrances, resulting in the claim by Chase Bank to be fully unsecured. Thus, the Chase Bank is not entitled to treatment under any proposed Chapter 11 Plan as secured creditor for the full amount of their lien.

NOTICE IS FURTHER GIVEN that in accordance with the Local Rules, should any party wish to oppose this motion they must do so by written opposition filed and served upon counsel for Debtor not less than fourteen(14) days from the date of notice of this Motion, and failure to do so may be deemed a waiver of any opposition which may have been made, resulting in entry of an order granting the within Motion.

WHEREFORE, Debtor respectfully requests that the Court grant his Motion, finding that the value of the Real Property no longer has equity adequate to fully secure encumbrances, resulting in the claim of Chase being fully unsecured and not entitled to treatment under any Chapter 11 plan as secured creditor for the full amount of purported claim, the lien of Chase being subject to avoidance upon entry of Chapter 11 discharge and for such other relief as the Court may deem just and proper.

Dated: 07/13/2010                                          /s/ Vakhe Khodzhayan
                                                           VAKHE KHODZHAYAN
                                                           Attorney for Debtor-in-Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This Motion concerns the valuation of Debtor's Real Property located at 19040 Strathern Street, Reseda, CA 91335 (APN 2104005059) (the "Real Property"), and staying of post petition payments by Debtor to treat the claim of Chase as fully unsecured. Based upon an appraisal conducted on June 30, 2010, the property value is no more than $305,000. The value of the lien secured by the first deed of trust on the Real Property is $312,302.26. And the value of the lien secured by a second deed of trust on the property is $250,000.00.

Due to general decline in real estate values in Southern California, which substantially affected the area in which the Real Property is located, the Real Property no longer has equity adequate to fully secure the encumbrances. As a result, the claim of Chase should be treated as a fully unsecured claim. Since Chase is an unsecured creditor, the court should rule that it is not entitled to receive any post petition adequate protection payments.

### II. FACTUAL BACKGROUND

On November 13, 2009 Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On March 9, 2010, on Debtor's motion, the case was converted to Chapter 11. A printout of the docket report for this case is attached to this motion as Exhibit 1 and incorporated herein by reference. The Real Property is included in the bankruptcy estate, as an income producing real estate. At one point the property was worth well over $500,000. Debtor currently has two mortgages that encumber the property. Based on a recent appraisal conducted on June 30, 2010, the property has significantly depreciated and is currently valued at $305,000. A copy of the appraisal is attached to this motion as Exhibit 2 and incorporated herein by reference.

The property is currently encumbered with two liens secured by first and second deeds of trust on the property. The lien secured by the first deed of trust is in the amount of $312,302.26 and is serviced by Select Portfolio Servicing, Inc ("SPS")[1]. The most recent mortgage statement

---

[1] The loan is owned by HSBC Bank USA, National Association, as trustee, on behalf of the holders of the ACE Securities Corp. Home Equity Loan Trust, Series 2004-HE4 Asset Backed Pass-Through Certificates, it assignees and/or successors, and the servicing agent Select Portfolio Servicing, Inc.

for this claim is attached to this motion as Exhibit 3 and incorporated herein by reference. The loan secured by the second deed of trust is in the amount of $250,000. This loan was initially serviced by Washington Mutual Bank and is presently serviced by Chase Bank ("Chase"). No Proof of Claim was filed for this claim. However, the claim is listed on Debtor's Schedule D that is attached to this Motion as Exhibit 4 and incorporated herein by reference.

### III. ARGUMENT

### A. The Real Property Must be Valued for Purposes of the Plan Confirmation to Determine the Secured Status of the Claims Encumbering It.

Section 506(a) of the Bankruptcy Code provides:

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. *Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.*[emphasis added]." 11 U.S.C. §506(a) (2010).

11 U.S.C. Section 506(d) further states that:

To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is **void.** (Emphasis added).

In the case of In re Geyer, 203 B.R. 726, (S.D. Cal. 1996), the court held that an undersecured creditor will be stripped of its lien and treated as an unsecured creditor in the course of a debtor's plan of reorganization. The court held that a lien on a residence may be stripped off under the plan or under section 506(d) when the lienholder's interest is totally unsecured. In re Geyer, 203 B.R. 726, (S.D. Cal. 1996). Similarly, in In re Lam, 211 B.R. 36 (9th Cir. B.A.P. 1997) the court followed the reasoning of In re Geyer, and held that Debtors' totally unsecured junior mortgage could be stripped off his principal residence. In other words, if the value of the property is such that leaves makes lien of the Second Deed of Trust unsecured, such lien will be void.

- 4 -

When it comes to dealing with claims that are only partially unsecured, the application of 11 U.S.C. § 506(a) and (d) results in bifurcation of previously secured claim, and provides that claim is secured only to extent of value of property which serves as collateral, with remainder of claim, up to amount of original obligation, being unsecured. In re Dewsnup (1990, CA10 Utah) 908 F.2d 588 (10th Cir. 1990) (affirmed by Dewsnup v. Timm, 502 U.S. 410 (1992)). In In re Zimmer, 313 F. 3d. 1220, 1223 (9th Cir. 2002), the Ninth Circuit held that "a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it." This means that pursuant to 11 U.S.C. § 506(a), even where there is lien on debt, creditor has secured claim only to extent of value of the collateral, and unsecured claim for balance. Miller v. United States (1990, CA8 SD) 907 F.2d 80, 82 (8th Cir. 1990).

In this case, the value of the collateral – the Real Property is no more than $305,000. The claim of SPS, which is secured by the First Deed of Trust is in the amount of $312,302.26. The interest of Chase is secured by the Second Deed of Trust. The secured interest of Chase is zero since there is absolutely no equity in the Real Property to which the claim of Chase can attach. Therefore, the Second deed of Trust should be extinguished, the claim of Chase should be treated as unsecured for purposes of the instant Chapter 11 proceeding.

### B. **Debtor should not be Required to Make any Post-Petition Payments to Unsecured Creditors**

Debtor shall not be required to make any post-petition payments to Chase, because Chase is an unsecured creditor. In United Sav. Asso v. Timbers of Inwood Forest Assocs., 484 U.S. 365 (U.S. 1988) the Supreme Court of the United States discussed the issue of post petition payments to undersecured and unsecured creditors. The Court concluded that the combined reading of Sections 506(a), 502(b) and 361(d) dictate that unsecured and undersecured creditors are not entitled to receive any post petition adequate protection payments. Id. at, 373. The court rejected the suggestion that an undersecured creditor is entitled to adequate protection payments for the secured portion of its claim, because such conclusion would contradict the very language of Section 506. Id. at 372-373.

In this case, the Real Property is valued at $305,000. The value of the collateral is less than lien of SPS, which is secured by the First Deed of Trust The claim of Chase is fully unsecured because the Chase loan is secured by a Second Deed of Trust, and there is no equity in

- 5 -

the property to which this lien can attach.   Thus, Chase as an unsecured creditor is not entitled to receive any post petition payments.

### IV. CONCLUSION

Based on the reasoning provided supra, the Court should determine that the value of the Real Property is $305,000. As a result, the claim of Chase is fully unsecured.  As an unsecured claims, Chase's claim is not entitled to treatment as a secured claim in any proposed Chapter 11 plan and are subject to avoidance upon the entry of Chapter 11 discharge.


Dated:  07/13/2010                                     /s/ Vakhe Khodzhayan
                                                       VAKHE KHODZHAYAN
                                                       Attorney for Debtor-in-Possession

## DECLARATION OF ASATUR KASAMANIAN

I, ASATUR KASAMANIAN, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am the Debtor in the instant bankruptcy proceeding, case number 1:09-bk-25740.

2. I am the owner of the property located at 19040 Strathern Street, Reseda, Reseda, CA 91335 ("The Real Property").

3. The property is worth no more than $305,000 based on an appraisal from an approved independent, third party appraiser.

4. The lien of the First Deed of Trust is currently held by Select Portfolio Servicing. The First Deed of Trust is currently at least $312,302, based upon the most recent statement sent by Select Portfolio Services. Attached as Exhibit 3 to the Motion is a true and correct copy of that statement.

5. The Second Deed of Trust is currently held by Chase (formerly Washington Mutual). The amount owing on the Second Deed of Trust is $250,000.00, based upon Schedule D of my petition. Attached as Exhibit 4 to the Motion is a true and correct copy of Schedule D.

I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true correct.

Executed on July 13, 2010 at Glendale, California.

_____
ASATUR KASAMANIAN
Debtor-in-possession

## DECLARATION OF G. RANDALL CHASE

I, G. RANDALL CHASE, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am making this declaration in support of the Motion to Determine Secured Value of Real Property; to Stay Post Petition Payments, to extinguish Second Deed of Trust of Chase.

2. I am a certified real estate appraiser (Certificate # AG004418) for a company called Chua and Associates. I am certified to offer appraisal reports.

3. On or about June 30, 2010, I evaluated real property located at 19040 Strathern Street, Reseda, CA 91335 (hereinafter the "Real Property").

4. I completed an interior and exterior inspection of the Real Property.

5. Pursuant to my evaluation, the fair market value of the Real Property on or about June 30, 2010 was valued at $305,000. Attached hereto as Exhibit 2 is a true and correct copy of my evaluation of the Real Property.

I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

Executed on July13, 2010 at Glendale, California.

_____
G. Randall Chase

- 8 -

| In re: | | CHAPTER: **11** |
|---|---|---|
| **Asatur Kasamanian** | Debtor(s). | CASE NUMBER: **1:09-bk-25740** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1010 N Central Ave. Ste 450, Glendale, CA 91202

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS; TO EXTINGUISH SECOND DEED OF TRUST OF CHASE, MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **07/14/2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Gregory J Babcock on behalf of Creditor HSBC Bank USA, National Association, as trustee, on behalf of the holders of the ACE Securities Corp. Home Equity Loan Trust, Series 2004-HE4 Asset Backed Pass-Through Certificates, it assignees and/o **bknotice@mccarthyholthus.com**

Richard J Bauer on behalf of Creditor HSBC Bank USA, National Association as Trustee...: **rbauer@mileslegal.com**

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV) : **jennifer.l.braun@usdoj.gov**

Mark Domeyer on behalf of Interested Party Courtesy NEF: **mdomeyer@mileslegal.com**

Rami N Haddad on behalf of Creditor HSBC Bank USA, National Association, as trustee, on behalf of the holders of the ACE Securities Corp. Home Equity Loan Trust, Series 2004-HE4 Asset Backed Pass-Through Certificates, it assignees and/o **bknotice@mccarthyholthus.com**

United States Trustee (SV) : **ustpregion16.wh.ecf@usdoj.gov**

☐ Service information continued on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **07/14/2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **March 30, 2010** | **Ani Eissagholian** | /s/ Ani Eissagholian |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

**F 9013-3.1**
Best Case Bankruptcy

| In re: | | CHAPTER **11** |
|---|---|---|
| **Asatur Kasamanian** | Debtor(s). | CASE NUMBER **1:09-bk-25740** |

**ADDITIONAL SERVICE INFORMATION (if needed):**

Asatur Kasamanian
PO Box 773
Frazier Park, CA 93225

United States Trustee (SV)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Rami N Haddad
HSBC Bank USA, National Association
c/o McCarthy & Holthus LLP
1770 Fourth Ave
San Diego, CA 92101

Mark Domeyer
Miles Bauer Bergstrom & Winters
c/o BAC Home Loans Servicing, L.P.
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626

CitiMortgage, Inc.
PO Box 140609
Irving, TX 75019-0609

Washington Mutual
7255 Baymeadows Way
Jacksonville, FL 32256

Washington Mutual
PO Box 660487
Dallas, TX 75266

American Express
PO Box 981537
El Paso, TX 79998

CAPITAL ONE BANK USA, N.A.
BY AMERICAN INFOSOURCE LP AS AGENT
PO Box 71083
Charlotte, NC 28272-1083

Chase/Bank One Card
800 Brooksedge Blvd
Westerville, OH 43081

Countrywide Home Loans
PO Box 10222
Van Nuys, CA 91410

---

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                    **F 9013-3.1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                    Best Case Bankruptcy

| In re: | | CHAPTER **11** |
|---|---|---|
| **Asatur Kasamanian** | Debtor(s). | CASE NUMBER **1:09-bk-25740** |

Franklin J. Love
125 S. Citris Ave., Suite 101
Covina, CA 91723

French & Associates
2716 "L" Street
Bakersfield, CA 93301

Home Depot Credit Services
P.O. Box 9100
Des Moines, IA 50368

Los Angeles County Treasurer & Tax Collector
PO BOX 54110
Los Angelec, CA 90054-0110

Select Portfolio Servicing, Inc.
PO Box 65250
Salt Lake City, UT 84165

PRA Receivables Management, LLC
As Agent Of Portfolio Recovery Assocs.
c/o Washington Mutual
POB 41067
NORFOLK VA 23541

Internal Revenue Service
PO BOX 21126
Philadelphia, PA   19114

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                                                                                           Best Case Bankruptcy